**2322-CC00741**

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| JAMES SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HENIFF TRANSPORTATION SYSTEMS, | ) | |
| LLC | ) | |
| **Serve at: ILLINOIS CORPORATION** | ) | |
| **SERVICE CCOMPANY** | ) | |
| **801 Adlai Stevenson Drive** | ) | |
| **Springfield, IL 62703** | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| STEVE TALLENT | ) | |
| **Serve at: 79 Ginger Dr.** | ) | |
| **Ringgold, GA 30736** | ) | Cause No: |
| | ) | |
| AND | ) | Division: |
| | ) | |
| CKS METAL CORPORATION | ) | **JURY TRIAL DEMANDED** |
| **Serve at: Person in Charge** | ) | |
| **5579 Old Alton Edwardsville Rd** | ) | |
| **Edwardsville, IL 62025** | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| ROBERT LUTZ | ) | |
| **Serve at: 709 Chapman Street** | ) | |
| **Edwardsville, IL 62025** | ) | |
| AND | ) | |
| | ) | |
| JEFFERY CRAIG | ) | |
| **Serve at:  Jeffery Craig** | ) | |
| **2719 Imbs Station Rd.** | ) | |
| **Millstadt, IL 62260** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PETITION

COMES NOW Plaintiff James Smith, by and through undersigned counsel, and for his

EXHIBIT 1

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

causes of action against Heniff Transportation Systems, LLC, Steve Tallent, CKS Metal Corporation, Robert Lutz, and Jeffery Craig alleges as follows:

1.      Plaintiff James Smith ("Plaintiff") is a resident of the State of Missouri.

2.      Defendant Heniff Transportation Systems, LLC, (hereinafter "Defendant Heniff") is a corporation with a principal place of business in the State of Illinois that conducts its regular business in the State of Missouri as an interstate motor carrier subject to Federal Motor Carrier Safety Regulations promulgated by the Federal Motor Carrier Safety Administration, U.S. Department of Transportation.

3.      On June 12, 2019, Defendant Heniff owned the commercial vehicle and at all times relevant hereto exercised control over the vehicle being driven by its agent, servant and/or employee, Steve Tallent.

4.      Defendant Steve Tallent (hereinafter "Defendant Tallent") is a resident of Ringgold in the State of Georgia.

5.      On June 12, 2019, Defendant Tallent was Defendant Heniff's agent, servant and /or employee and acting within the scope of his employment and/or agency with Defendant Heniff.

6.      Defendant CKS Metal Corp (hereinafter "Defendant CKS") is a buyer, seller, reseller, and recycler of  metal products and conducts its regular business in Missouri while purporting to be a corporation with its primary address in Illinois.

7.      On June 12, 2019, Defendant CKS owned the box truck and at all times relevant hereto exercised control over the box truck being driven by its agent, servant and/or employee, Robert Lutz.

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

8.      Defendant Robert Lutz (hereinafter "Defendant Lutz") is a resident of Edwardsville in the State of Illinois.

9.      On June 12, 2019 Defendant Lutz was Defendant CKS's agent, servant and / or employee and acting within the scope of his employment and/or agency with Defendant CKS.

10.     Defendant Jeffery Craig (hereinafter "Defendant Craig") is a resident of the State of Illinois.

11.     On June 12, 2019, all Defendants in combination or individually were involved in a collision(s) on Interstate 70 at or near St. Louis Avenue with said collision(s) causing injuries to Plaintiff.

12.     On or about June 12, 2019, Interstate 70 at our near St. Louis Avenue was, and remains, an open, well-traveled and public street and highway in the City of St. Louis, State of Missouri.

13.     Jurisdiction is proper in this court because the Defendant(s), individually or in combination committed the tortious act(s) alleged herein within the State of Missouri.

14.     Venue is proper in this Court pursuant to § 508.010, RSMo. because the tort(s) alleged occurred within The City of St. Louis, State of Missouri, and Plaintiff was first injured in the City of St. Louis in the State of Missouri.

## COUNT I

### Plaintiff v. Defendant Heniff

Comes now Plaintiff, and for his cause of action against Defendant Heniff, states as follows:

15.     Plaintiff adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-14 above.

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

16.     On or about June 12, 2019, Defendant Heniff's agent, servant and/or employee, Defendant Tallent while acting within the scope of his employment and/or agency, was traveling southbound on Interstate 70 east at or near St. Louis Avenue and collided with the rear of the white box truck operated by Defendant Lutz; the white box truck operated by Defendant Lutz collided with the rear of the vehicle operated by Defendant Craig; the vehicle operated by Defendant Craig collided with the Plaintiff's vehicle resulting in injuries to Plaintiff.

17.     The collision(s) occurred as a direct result of the negligence of Defendant Heniff acting through its agent, servant or employee, individually or in combination, in one or more of the following respects:

a)      Its driver was inattentive to the roadway;

b)      Its driver carelessly and neglectfully failed to stop;

c)      Its driver carelessly and negligently failed to sound a warning of his approach, to slacken speed, swerve or stop before colliding with another vehicle;

d)      Its driver failed to control the commercial vehicle;

e)      Its driver carelessly and negligently operated the commercial vehicle at an excessive rate of speed under the circumstances then and there existing;

f)      Its driver carelessly and negligently failed to exercise the highest degree of care to keep a lookout to the front and laterally so as to discover other motor vehicles, including the white box truck;

g)      Its driver failed to maintain a proper distance between the commercial vehicle and the vehicle(s) in front of the commercial vehicle;

h)      Its driver collided with the rear of another vehicle;

i)      It failed to train its driver in the safe operation of commercial vehicles.

18.     Defendant Heniff, acting through its agents, servants or employees, individually or in combination, owed a duty of care to members of the general public, including Plaintiff, while using

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

the public roadways on June 12, 2019.

19.     As a direct and proximate result of the negligence and carelessness of Defendant Heniff and Defendant Heniff's agent, servant and/or employee acting within the scope of his employment, as aforesaid, individually or in combination, Plaintiff was caused to suffer and did suffer from serious and permanent injuries in the following respects, to-wit: Plaintiff suffered  and / or exacerbated / aggravated injuries to his right shoulder, neck, back, and right hip which are permanent, progressive and painful; Plaintiff suffered, does suffer and will in the future continue to suffer pain and garden variety emotional damages; Plaintiff's injuries are such that the function, use and movement of the aforementioned parts of Plaintiff's body are and in the future will be impaired and diminished.

20.     That as a direct and proximate result of the negligence and carelessness of Defendant Heniff, individually or in combination, Plaintiff has incurred medical expenses in sums not yet fully determined, has suffered a loss of wages, benefits and earning capacity; and sustained other damages in excess of $25,000.00, and is reasonably certain to sustain additional medical expense in the future on account of medical treatment as wells as additional lost wages, benefits and earning capacity, all to his damage.

WHEREFORE, Plaintiff prays for judgment against Defendant Heniff. in an amount that is fair and reasonable and in excess of $25,000.00 plus costs incurred and for such other and further relief as the Court deems just and proper.

## COUNT II

### Plaintiff v. Defendant Tallent

Comes now Plaintiff, and for his cause of action against Defendant Tallent, states as follows:

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

21.     Plaintiff adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-20 above.

22.     On or about June 12, 2019, Defendant Tallent, was traveling southbound on Interstate 70 east at or near St. Louis Avenue and collided with the rear of the white box truck operated by Defendant Lutz; the white box truck operated by Defendant Lutz collided with the rear of the vehicle operated by Defendant Craig; the vehicle operated by Defendant Craig collided with the Plaintiff's vehicle resulting in injuries to Plaintiff.

23.     The collision(s) occurred as a direct result of the negligence of Defendant Tallent, individually or in combination, in one or more of the following respects:

a)      Defendant Tallent was inattentive to the roadway;

b)      Defendant Tallent carelessly and neglectfully failed to stop;

c)      Defendant Tallent carelessly and negligently failed to sound a warning of his approach, to slacken speed, swerve or stop before colliding with another vehicle;

d)      Defendant Tallent failed to control the commercial vehicle;

e)      Defendant Tallent carelessly and negligently operated the commercial vehicle at an excessive rate of speed under the circumstances then and there existing;

f)      Defendant Tallent carelessly and negligently failed to exercise the highest degree of care to keep a lookout to the front and laterally so as to discover other motor vehicles, including the white box truck;

g)      Defendant Tallent failed to maintain a proper distance between the commercial vehicle and the vehicle(s) in front of the commercial vehicle;

h)      Defendant Tallent collided with the rear of another vehicle;

24.     Defendant Tallent, individually or in combination, owed a duty of care to members of the general public, including Plaintiff, while using the public roadways on June 12, 2019.

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

25.     As a direct and proximate result of the negligence and carelessness of Defendant Tallent, as aforesaid, individually or in combination, Plaintiff was caused to suffer and did suffer from serious and permanent injuries in the following respects, to-wit: Plaintiff suffered and / or exacerbated / aggravated injuries to his right shoulder, neck, back, and right hip which are permanent, progressive and painful; Plaintiff suffered, does suffer and will in the future continue to suffer pain and garden variety emotional damages; Plaintiff's injuries are such that the function, use and movement of the aforementioned parts of Plaintiff's body are and in the future will be impaired and diminished.

26.     That as a direct and proximate result of the negligence and carelessness of Defendant Tallent, individually or in combination, Plaintiff has incurred medical expenses in sums not yet fully determined, has suffered a loss of wages, benefits and earning capacity; and sustained other damages in excess of $25,000.00, and is reasonably certain to sustain additional medical expense in the future on account of medical treatment as wells as additional lost wages, benefits and earning capacity, all to his damage.

WHEREFORE, Plaintiff prays for judgment against Defendant Tallent.in an amount that is fair and reasonable and in excess of $25,000.00 plus costs incurred and for such other and further relief as the Court deems just and proper.

### COUNT III

### Plaintiff v. Defendant CKS

Comes now Plaintiff, and for his cause of action against Defendant CKS, states as follows:

27.     Plaintiff adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-26 above.

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

28.      On or about June 12, 2019, Defendant CKS's agent, servant and/or employee, Defendant Lutz, while acting within the scope of his employment and/or agency, was traveling southbound on Interstate 70 east at or near St. Louis Avenue and collided with the rear of the vehicle operated by Defendant Craig; the vehicle operated by Defendant Craig collided with the Plaintiff's vehicle resulting in injuries to Plaintiff.

29.      The collision(s) occurred as a direct result of the negligence of Defendant CKS acting through its agent, servant or employee, individually or in combination, in one or more of the following respects:

a)      Its driver was inattentive to the roadway;

b)      Its driver carelessly and neglectfully failed to stop;

c)      Its driver carelessly and negligently failed to sound a warning of his approach, to slacken speed, swerve or stop before colliding with another vehicle;

d)      Its driver failed to control the vehicle;

e)      Its driver carelessly and negligently operated the vehicle at an excessive rate of speed under the circumstances then and there existing;

f)      Its driver carelessly and negligently failed to exercise the highest degree of care to keep a lookout to the front and laterally so as to discover other motor vehicles, including the white box truck;

g)      Its driver failed to maintain a proper distance between the vehicle he occupied and the vehicle(s) in front of said vehicle;

h)      Its driver collided with the rear of another vehicle;

i)      It failed to train its driver in the safe operation of the vehicle.

30.      Defendant CKS, acting through its agents, servants or employees, individually or in combination, owed a duty of care to members of the general public, including Plaintiff, while using the public roadways on June 12, 2019.

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

31.    As a direct and proximate result of the negligence and carelessness of Defendant CKS and Defendant CKS's agent, servant and/or employee acting within the scope of his employment, as aforesaid, individually or in combination, Plaintiff was caused to suffer and did suffer from serious and permanent injuries in the following respects, to-wit: Plaintiff suffered  and / or exacerbated / aggravated injuries to his right shoulder, neck, back, and right hip which are permanent, progressive and painful; Plaintiff suffered, does suffer and will in the future continue to suffer pain and garden variety emotional damages; Plaintiff's injuries are such that the function, use and movement of the aforementioned parts of Plaintiff's body are and in the future will be impaired and diminished.

32.    That as a direct and proximate result of the negligence and carelessness of Defendant CKS, individually or in combination, Plaintiff has incurred medical expenses in sums not yet fully determined, has suffered a loss of wages, benefits and earning capacity; and sustained other damages in excess of $25,000.00, and is reasonably certain to sustain additional medical expense in the future on account of medical treatment as wells as additional lost wages, benefits and earning capacity, all to his damage.

WHEREFORE, Plaintiff prays for judgment against Defendant CKS. in an amount that is fair and reasonable and in excess of $25,000.00 plus costs incurred and for such other and further relief as the Court deems just and proper.

## COUNT IV

## Plaintiff v. Defendant Lutz

Comes now Plaintiff, and for his cause of action against Defendant Lutz, states as follows:

33.    Plaintiff adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-32 above.

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

34.    On or about June 12, 2019, Defendant Lutz, was traveling southbound on Interstate 70 east at or near St. Louis Avenue and collided with the rear of the vehicle operated by Defendant Craig; the vehicle operated by Defendant Craig collided with the Plaintiff's vehicle resulting in injuries to Plaintiff.

35.    The collision(s) occurred as a direct result of the negligence of Defendant Lutz, individually or in combination, in one or more of the following respects:

a)    Defendant Lutz was inattentive to the roadway;

b)    Defendant Lutz carelessly and neglectfully failed to stop and / or stopped to quickly;

c)    Defendant Lutz carelessly and negligently failed to sound a warning of his approach, to slacken speed, swerve or stop before colliding with another vehicle;

d)    Defendant Lutz failed to control the vehicle;

e)    Defendant Lutz carelessly and negligently operated the vehicle at an excessive rate of speed under the circumstances then and there existing;

f)    Defendant Lutz carelessly and negligently failed to exercise the highest degree of care to keep a lookout to the front and laterally so as to discover other motor vehicles, including the vehicle operated by Defendant Craig;

g)    Defendant Lutz failed to maintain a proper distance between the vehicle he occupied and the vehicle(s) in front of said vehicle;

h)    Defendant Lutz collided with the rear of another vehicle;

36.    Defendant Lutz, individually or in combination, owed a duty of care to members of the general public, including Plaintiff, while using the public roadways on June 12, 2019.

37.    As a direct and proximate result of the negligence and carelessness of Defendant Lutz, as aforesaid, individually or in combination, Plaintiff was caused to suffer and did suffer from serious and permanent injuries in the following respects, to-wit: Plaintiff suffered and / or exacerbated / aggravated injuries to his right shoulder, neck, back, right hip which are permanent, progressive and

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

painful; Plaintiff suffered, does suffer and will in the future continue to suffer pain and garden variety emotional damages; Plaintiff's injuries are such that the function, use and movement of the aforementioned parts of Plaintiff's body are and in the future will be impaired and diminished.

38.     That as a direct and proximate result of the negligence and carelessness of Defendant Lutz, individually or in combination, Plaintiff has incurred medical expenses in sums not yet fully determined, has suffered a loss of wages, benefits and earning capacity; and sustained other damages in excess of $25,000.00, and is reasonably certain to sustain additional medical expense in the future on account of medical treatment as wells as additional lost wages, benefits and earning capacity, all to his damage.

WHEREFORE, Plaintiff prays for judgment against Defendant Lutz.in an amount that is fair and reasonable and in excess of $25,000.00 plus costs incurred and for such other and further relief as the Court deems just and proper.

## COUNT V

## Plaintiff v. Defendant Craig

Comes now Plaintiff, and for his cause of action against Defendant Craig, states as follows:

39.     Plaintiff adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-38 above.

40.     On or about June 12, 2019, Defendant Craig, was traveling southbound on Interstate 70 east at or near St. Louis Avenue and collided with the rear of the Plaintiff's vehicle resulting in injuries to Plaintiff.

41.     The collision(s) occurred as a direct result of the negligence of Defendant Craig, individually or in combination, in one or more of the following respects:

a)      Defendant Craig was inattentive to the roadway;

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

b)      Defendant Craig carelessly and neglectfully failed to stop and / or stopped to quickly;

c)      Defendant Craig carelessly and negligently failed to sound a warning of his approach, to slacken speed, swerve or stop before colliding with another vehicle;

d)      Defendant Craig failed to control the vehicle;

e)      Defendant Craig carelessly and negligently operated the vehicle at an excessive rate of speed under the circumstances then and there existing;

f)      Defendant Craig carelessly and negligently failed to exercise the highest degree of care to keep a lookout to the front and laterally so as to discover other motor vehicles, including the vehicle operated by Plaintiff;

g)      Defendant Craig failed to maintain a proper distance between the vehicle he occupied and the Plaintiff's vehicle;

h)      Defendant Craig collided with the rear of Plaintiff's vehicle.

42.     Defendant Craig, individually or in combination, owed a duty of care to members of the general public, including Plaintiff, while using the public roadways on June 12, 2019.

43.     As a direct and proximate result of the negligence and carelessness of Defendant Craig, as aforesaid, individually or in combination, Plaintiff was caused to suffer and did suffer from serious and permanent injuries in the following respects, to-wit: Plaintiff suffered and / or exacerbated / aggravated injuries to his right shoulder, neck, back, right hip which are permanent, progressive and painful; Plaintiff suffered, does suffer and will in the future continue to suffer pain and garden variety emotional damages; Plaintiff's injuries are such that the function, use and movement of the aforementioned parts of Plaintiff's body are and in the future will be impaired and diminished.

44.     That as a direct and proximate result of the negligence and carelessness of Defendant Craig, individually or in combination, Plaintiff has incurred medical expenses in sums not yet fully determined, has suffered a loss of wages, benefits and earning capacity; and sustained other damages in excess of $25,000.00, and is reasonably certain to sustain additional medical expense in the future

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

on account of medical treatment as wells as additional lost wages, benefits and earning capacity, all to his damage.

WHEREFORE, Plaintiff prays for judgment against Defendant Craig in an amount that is fair and reasonable and in excess of $25,000.00 plus costs incurred and for such other and further relief as the Court deems just and proper.

COFMAN TOWNSLEY, LLP

BY:   */s/ Brad Elkin*
Brad Elkin, #54760
200 S. Hanley Road, Suite 1070
St. Louis, Missouri 63105
314.621.2005
314.621.3118 (facsimile)
belkin@cofmantownsley.com

*Attorneys for Plaintiff*

**2322-CC00741**

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

**In the**
# CIRCUIT COURT
## City of St. Louis, Missouri

James Smith
_____
Plaintiff/Petitioner

vs.

Heniff Transportation, Steve Tallent, et. al.
_____
Defendant/Respondent

4/13/2023
_____
Date

_____
Case number

_____
Division

┌                                                    ┐

                                    For File Stamp Only



└                                                    ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now James Smith _____, pursuant
                                    Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of
 Mark Smith, Markell & Associates, Inc., 2300 W.  Port Plaza Dr #202,St. Louis,MO 63146  314-668-2020
_____
Name of Process Server                         Address                              Telephone

_____
Name of Process Server                         Address                              Telephone

_____
Name of Process Server                         Address                              Telephone
to serve the summons and petition in this cause on the below named parties.

SERVE:                                          SERVE:
 Heniff Transportation Systems, LLC              Steve Tallent
_____           _____
Name                                            Name
 801 Adlai Stevenson Drive                       79 Ginger Dr.
_____           _____
Address                                         Address
 Springfield, IL 62703                           Ringgold, GA 30736
_____           _____
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:
 CKS Metal Corporation - Person in Charge        Robert Lutz
_____           _____
Name                                            Name
 5579 Old Alton Edwardsville Rd                  709 Chapman Street
_____           _____
Address                                         Address
 Edwardsville, IL 62025                          Edwardsville, IL 62025
_____           _____
City/State/Zip                                  City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk                /s/ Brad Elkin
                                                _____
                                                Attorney/Plaintiff/Petitioner
                                                 54760
By_____               _____
     Deputy Clerk                               Bar No.
                                                 200 S. Hanley Road, Suite 1070
                                                _____
_____                Address
Date                                             314-621-2005
                                                _____
                                                Phone No.

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

**2322-CC00741**

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

James Smith
_____
Plaintiff/Petitioner

vs.

Heniff Transportation, Steve Tallent, et. al.
_____
Defendant/Respondent

4/13/2023
_____
Date

_____
Case number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now James Smith _____, pursuant
                    Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of
Mark Smith, Markell & Associates, Inc., 2300 W.  Port Plaza Dr #202,St. Louis,MO 63146  314-668-2020
_____
Name of Process Server                    Address                    Telephone

_____
Name of Process Server                    Address                    Telephone

_____
Name of Process Server                    Address                    Telephone
to serve the summons and petition in this cause on the below named parties.

SERVE:                                    SERVE:
Jeffery Craig
_____          _____
Name                                      Name
2719 Imbs Station Road
_____          _____
Address                                   Address
Millstadt, IL 62260
_____          _____
City/State/Zip                            City/State/Zip

SERVE:                                    SERVE:

_____          _____
Name                                      Name

_____          _____
Address                                   Address

_____          _____
City/State/Zip                            City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk              /s/ Brad Elkin
                                          _____
                                          Attorney/Plaintiff/Petitioner
                                          54760
By_____          _____
   Deputy Clerk                           Bar No.
                                          200 S. Hanley Road, Suite 1070
                                          _____
_____          Address
Date                                      314-621-2005
                                          _____
                                          Phone No.

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - April 14, 2023 - 09:30 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2322-CC00741 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JAMES SMITH | Plaintiff's/Petitioner's Attorney/Address:<br>BRADLEY L ELKIN<br>BROWN AND CROUPPEN P.C.<br>211 NORTH BROADWAY<br>SUITE 1600<br>ST LOUIS, MO 63102 | |
| vs. | | |
| Defendant/Respondent:<br>HENIFF TRANSPORTATION SYSTEM, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:    HENIFF TRANSPORTATION SYSTEM, LLC
                                              Alias:

ILLINOIS CORPORATION
SERVICE COMPANY
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, IL 62703

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

CIRCUIT COURT OF MISSOURI

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____**April 14, 2023**_____          *Thomas Kloeppinger*
                Date                                                    Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   - [ ] delivering a copy of the summons and petition to the defendant/respondent.
   - [ ] leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   - [ ] (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   - [ ] other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)
   - [ ] the clerk of the court of which affiant is an officer.
   - [ ] the judge of the court of which affiant is an officer.
   - [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   - [ ] authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| Total | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other person authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2322-CC00741 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JAMES SMITH | Plaintiff's/Petitioner's Attorney/Address:<br>BRADLEY L ELKIN<br>BROWN AND CROUPPEN P.C.<br>211 NORTH BROADWAY<br>SUITE 1600<br>vs.   ST LOUIS, MO  63102 | |
| Defendant/Respondent:<br>HENIFF TRANSPORTATION SYSTEM, LLC<br>Nature of Suit:<br>CC Pers Injury-Vehicular | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   CKS METAL CORPORATION
Alias:

PERSON IN CHARGE
5579 OLD ALTON EDWARDSVILLE RD
EDWARDSVILLE, IL  62025

SPECIAL PROCESS SERVER

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____**April 14, 2023**_____        _Thomas Kloeppinger_
Date                                              Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above Summons by: (check one)
    ☐ delivering a copy of the summons and petition to the defendant/respondent.
    ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent
       with _____, a person at least 18 years of age residing therein.
    ☐ (for service on a corporation) delivering a copy of the summons and petition to
       _____ (name) _____ (title).
    ☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____               _____
Printed Name of Sheriff or Server                 Signature of Sheriff or Server
        **Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
        I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                          ☐ the judge of the court of which affiant is an officer.
                          ☐ authorized to administer oaths in the state in which the affiant served the above
                             summons. (use for out-of-state officer)
*(Seal)*                  ☐ authorized to administer oaths. (use for court-appointed server)

                                                  _____
                                                  Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

*See the following page for directions to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2322-CC00741 |
| Plaintiff/Petitioner:<br>JAMES SMITH | Plaintiff's/Petitioner's Attorney/Address:<br>BRADLEY L ELKIN<br>BROWN AND CROUPPEN P.C.<br>211 NORTH BROADWAY<br>SUITE 1600<br>ST LOUIS, MO  63102 |
| vs. | |
| Defendant/Respondent:<br>HENIFF TRANSPORTATION SYSTEM, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| | |
|---|---|
| The State of Missouri to:  STEVE TALLENT<br>Alias:<br><br>79 GINGER DR<br>RINGGOLD, GA  30736 | **SPECIAL PROCESS SERVER** |

**COURT SEAL OF**

*CIRCUIT COURT OF MISSOURI*

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____**April 14, 2023**_____        *Thomas Kloeppinger*
Date                                                         Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above Summons by: (check one)
   ☐ delivering a copy of the summons and petition to the defendant/respondent.
   ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent
      with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to
      _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____          _____
   Printed Name of Sheriff or Server                          Signature of Sheriff or Server
**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                          ☐ the judge of the court of which affiant is an officer.
                          ☐ authorized to administer oaths in the state in which the affiant served the above
*(Seal)*                   summons. (use for out-of-state officer)
                          ☐ authorized to administer oaths. (use for court-appointed server)

_____
                                                             Signature and Title

| Service Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| Total | $_____ | |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2322-CC00741 |
| Plaintiff/Petitioner:<br>JAMES SMITH | Plaintiff's/Petitioner's Attorney/Address:<br>BRADLEY L ELKIN<br>BROWN AND CROUPPEN P.C.<br>211 NORTH BROADWAY<br>SUITE 1600<br>ST LOUIS, MO  63102 |
| vs. | |
| Defendant/Respondent:<br>HENIFF TRANSPORTATION SYSTEM, LLC<br>Nature of Suit:<br>CC Pers Injury-Vehicular | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101<br><br>(Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: ROBERT LUTZ
Alias:

709 CHAPMAN STREET
EDWARDSVILLE, IL  62025

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*CITY OF ST LOUIS*

__April 14, 2023__
Date

_____
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   ☐ delivering a copy of the summons and petition to the defendant/respondent.
   ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent
      with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to
      _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)
in _____County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☐ authorized to administer oaths in the state in which the affiant served the above
      summons. (use for out-of-state officer)
   ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2322-CC00741 |
| Plaintiff/Petitioner:<br>JAMES SMITH | Plaintiff's/Petitioner's Attorney/Address:<br>BRADLEY L ELKIN<br>BROWN AND CROUPPEN P.C.<br>211 NORTH BROADWAY<br>SUITE 1600<br>vs.    ST LOUIS, MO 63102 |
| Defendant/Respondent:<br>HENIFF TRANSPORTATION SYSTEM, LLC<br>Nature of Suit:<br>CC Pers Injury-Vehicular | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br><br>(Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   JEFFERY CRAIG
                       Alias:

**2719 IMBS STATION ROAD**
**MILLSTADT, IL 62260**

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*CITY OF ST LOUIS*

        **April 14, 2023**                   *Thomas Kloeppinger*
                  Date                                             Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   ☐ delivering a copy of the summons and petition to the defendant/respondent.
   ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent
       with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to
       _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____         _____
    Printed Name of Sheriff or Server               Signature of Sheriff or Server
    **Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
    I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                 ☐ the judge of the court of which affiant is an officer.
                 ☐ authorized to administer oaths in the state in which the affiant served the above
                   summons. (use for out-of-state officer)
*(Seal)*            ☐ authorized to administer oaths. (use for court-appointed server)

                                             Signature and Title

| Service Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $_____ per mile) |
| Total | $_____ | |

*See the following page for directions to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.